UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELMIRA L. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:20-cv0-1553-E-BH |
| | § | |
| CRAWFORD & CO., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT CRAWFORD & COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Crawford & Company ("Defendant"), and files its Answer and Affirmative Defenses to Plaintiff Elmira L. Williams' ("Plaintiff") Complaint as follows:

**ANSWER**

**I.   PARTIES[1]**

1.1.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1.1, and therefore denies the same.

1.2.   Defendant admits that it is a business. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 1.2.

---

[1] Section titles reflect those in the Complaint.

## II.   JURISDICTION AND VENUE

2.1.   Defendant admits that Plaintiff purports to bring this action under the Americans with Disabilities Act ("ADA"), but denies the allegations in Paragraph 2.1 to the extent they presuppose that Plaintiff's Complaint states a claim for relief and/or that they seek to impute liability against Defendant. Except as expressly admitted herein, Defendant denies each and every allegation set forth herein.

### NATURE OF ACTION[2]

2.2   Defendant admits that Plaintiff purports to bring this action under the ADA and the Family and Medical Leave Act ("FMLA"), but denies the allegations in Paragraph 2.2 to the extent they presuppose that Plaintiff's Complaint states a claim for relief and/or that they seek to impute liability against Defendant. Except as expressly admitted herein, Defendant denies each and every allegation set forth herein.

### CONDITIONS PRECEDENT:[3]

2.3   Defendant admits that Plaintiff filed this lawsuit within ninety days of the date shown on her "right to sue letter." Defendant is without information sufficient to admit or deny whether a Charge of Discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the act(s) complained of in the Complaint and therefore denies same. Defendant states that Plaintiff's right to sue letter, while not attached to the copy of the Complaint mailed to Defendant, speaks for itself, and Defendant denies any allegations contrary to the same. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 2.3.

---

[2] Plaintiff does not assign a number to this paragraph. Because numbered paragraphs are required, Fed. R. Civ. P. 10(b), and for the sake of clarity, Defendant will assign it a numbered paragraph.
[3] Plaintiff does not assign a number to this paragraph. Because numbered paragraphs are required, Fed. R. Civ. P. 10(b), and for the sake of clarity, Defendant will assign it a numbered paragraph.

### III.   FACTUAL BACKGROUND[4]

3.1.   "On or about September 28, 2019, I started to experience hostile work environment that consisted of unlawful workplace discrimination, by way of Sex Harassment, HIPP Violation, Americans with Disabilities Act."

RESPONSE:   Defendant denies the allegations in Paragraph 3.1.

3.2.   "Site manager, Sandra Sleeper by made it very difficult to work in a comfortable workplace environment. Sandra targeted African American employees, she addressed me and other blacks on the floor with harmful and offensive comments or actions."

RESPONSE:   Defendant denies the allegations in Paragraph 3.2.

3.3.   "On or about October 9, 2019, Sandra addressed me with inappropriate remarks in the presence of my coworkers to include, degrading vocabulary. She specially ignored me when I asked if I could speak with her."

RESPONSE:   Defendant denies the allegations in Paragraph 3.3.

3.4.   "I asked Sandra if she was aware of employee Ron's sexually remarks being made towards me and other black females. Sandra advised that she did not hear a thing regarding the sexual remarks."

RESPONSE:   Defendant denies the allegations in Paragraph 3.4.

3.5.   "On or about 10/24/2019, I was confronted by Sandra Sleeper about a prior lunch break. She advised that whenever I have to be out from work to go to the doctor, I am to shave off the time from my lunch hour, even if it mean working the 10-hour days without a lunch break. To

---

[4] Plaintiff does not use numbered paragraphs in this section. Because numbered paragraphs are required, Fed. R. Civ. P. 10(b), and for the sake of clarity, Defendant will assign a number to each paragraph in the Factual Background section of Plaintiff's complaint. For each paragraph, Defendant will directly quote Plaintiff's allegation as it appears in the Complaint, then respond to it.

explain: If any time out from work, Sandra demanded it to be made up by not taking 15-minute breaks and 1-hour lunch breaks."

RESPONSE:  Defendant denies the allegations in Paragraph 3.5.

3.6.  "I anonymously called Crawford Human Resource to ask was it okay to have a manger demand that employees work through the allowed lunch hour. Human Resource asked for my name but did not answer my question. I disconnected from the call."

RESPONSE: Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3.6, due, in part, to the purported anonymous nature of Plaintiff's call. As such, it denies the same.

3.7.  "On or about November 7, 2019, Sandra Sleeper, walked onto the floor and a loudly stated to me and another black female that she can fill any sit in one day because she got plenty of I adjuster waiting to take our seats."

RESPONSE:  Defendant denies the allegations in Paragraph 3.7.

3.8.  "I asked Sandra if I could speak to her in private, she did acknowledge that I could. I asked, Sandra, why do you feel the need to discriminate against me? Sandra stated, I am the manger, and you want to be the manger, but it's whatever I say! She then walked off abruptly."

RESPONSE:  Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3.8 and therefore denies the same.

3.9.  "For each alleged protected characterizes, provided the following information: Whether the protected characteristics was alleged in your initial charge of discrimination, yes. Manager referring to constant discrediting, use of inappropriate behavior and intimidation that I have been experiencing from Sandra upon taking this new assignment. Presenting harsh or

unnecessarily critical towards me. Favoritism to certain employees; Ron and Steve to come in late daily and sit in on employee review."

RESPONSE:  Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3.9, due, in part, to lack of clarity, and therefore denies the same.

3.10.   "Sandra take part in inappropriate conversation as well with subordinates, finding it to be amusing."

RESPONSE:  Defendant denies the allegations in Paragraph 3.10.

3.11.   "During a staff huddle Sandra overheard a male, Ron Norman make a sexual gesture for me to sit in his lap. Sandra brushed it off and stated I am walking away; I did not hear anything."

RESPONSE:  Defendant denies the allegations in Paragraph 3.11.

3.12.   "On December 02, 2019, I received an IM message form State Farm vendor manager advising me that she was working a claim that I completed a reopen task in. Which she did not see the value in me working reopen claims."

RESPONSE:  Upon information and belief, Defendant admits that on or about December 2, 2019, a client team manager contacted Plaintiff via instant messenger, and that the ensuing conversation involved Plaintiff's work on reopen claim tasks. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.12.

3.13.   "I explained to the Team Manager that working reopen claims were one of our work directives. The Team Manager advised me to continue to work the reopen claim task and to speak to my manager Sandra Sleeper if any questions."

RESPONSE:  Upon information and belief, Defendant admits that on or about December 2, 2019, Plaintiff corresponded with a client team manager via instant messenger, and that the

conversation involved Plaintiff's work on reopen claim tasks. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.13.

3.14.   "I left early on December 02, 2019 to go to the doctor concerning my vertigo, so I did not get the chance to speak to Sandra about the Team Manager reaching out to me about reopen claim task."

RESPONSE:   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3.14, and therefore denies same.

3.15.   "My doctor took me off work for two days, due to my vertigo and stress level. I texted my manager Sandra to advise her of not being able to return to work. Sandra sent me a very inappropriate text about a doctor's excuse."

RESPONSE:   Defendant denies the allegations in Paragraph 3.15.

3.16.   "Upon my return to work on December 04, 2019.  I was called into a meeting with two other managers that were working with Sandra and advised that I was being terminated due to working reopen claims."

RESPONSE:   On information and belief, Defendant admits that Plaintiff was informed of her termination on December 4, 2019, at which time she was informed that she was being terminated due to the impermissible frequency with which she performed claim reopen tasks. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.16.

3.17.   "I stated to the managers, Wait, I am being terminated due to the work directives from manager Sandra, and if that is the case every employee work reopens claims per work directive. I stated that per Sandra we are to work reopen claims when working with customer on the phone in order to multitask."

RESPONSE:  Upon information and belief, Defendant admits that Plaintiff made a statement generally asserting that other employees work claim reopen tasks, but Defendant denies the substance of this statement as stated. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 3.17, and therefore denies the same.

3.18.  I have documentation showing where Ron and Steve worked an astronomical amount of reopen claim, however, were not terminated.

RESPONSE:  Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3.18, and therefore denies the same.

3.19.  "This was all retaliation after I reported sexual harassment, HIPP violation, hostile environment and labor laws to the Human Resource, Vice President, and CEO."

RESPONSE:  Defendant admits that Plaintiff sent a letter to Defendant's HR Department identifying perceived grievances. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.19, and specifically denies these allegations to the extent that they presuppose that Plaintiff's perceived grievances were meritorious and/or impute liability against Defendant.

3.20.  "Human Resource sent Laurie Doucet, Crawford Catastrophe Services Training Manager to investigate."

RESPONSE:  Defendant admits that it conducted a thorough investigation of Plaintiff's perceived grievances in accordance with applicable law. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.20, and specifically denies these allegations to the extent that they presuppose that Plaintiff's perceived grievances were meritorious and/or impute liability against Defendant.

3.21. "Laurie meet with all employees with Sandra in the meeting to address any concerns. Nothing was said in the presence of Sandra, so Laurie then advised that she would meet with each employee individually, November 19, 2019."

RESPONSE: Defendant admits that it conducted a thorough investigation of Plaintiff's perceived grievances in accordance with applicable law, which included, in part, discussions with relevant employees. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.21.

3.22. "However, an investigation was never properly conducted. Because though she was informed of the sexual misconduct of Ron, she advised that a lot of people say things that they should not say."

RESPONSE: Defendant denies the allegations in Paragraph 3.22.

3.23. "Ron was away from work for two days then brought right back like he had never offend black females at the workplace."

RESPONSE: Defendant admits that Ron Norman was absent from work at some point. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.23.

3.24. "Shortly after Melanie from HR sent an email on November 22, 2019 that the investigation was complete."

RESPONSE: Defendant admits that a member of Defendant's HR Department named Melanie emailed Plaintiff on or about November 22, 2019 to inform Plaintiff of the investigation's conclusion, but denies the substance of this correspondence as stated. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.24.

3.25. "Shortly after I was wrongfully terminated, Sandra harassed an adjuster from another vendor who in turn reported the incident to State Farm and Crawford and Company, that later led to Sandra Sleeper's termination."

RESPONSE: Defendant admits that Plaintiff was terminated. Except as expressly admitted herein, Defendant denies the allegations in Paragraph 3.25.

3.26. "Based upon the facts herein, Plaintiff has suffered damages for which she now sues for damages."

RESPONSE: Defendant denies the allegations in Paragraph 3.26.

### ADA DISCRIMINATION/FMLA VIOLATION:

3.27 "Plaintiff incorporates by reference paragraphs 1 - through 26, as fully stated verbatim herein."

RESPONSE: Defendant hereby incorporates its responses to the preceding allegations as if fully set forth herein.

3.28. "The Plaintiff asserts that she is qualified person with disability, she was Plaintiff' discriminated based on her disability and or perceived disability, and her disability, substantially limits one or more of life's major actives."

RESPONSE: Defendant denies the allegations in Paragraph 3.28.

3.29. "There is a record of Plaintiff's impairment in her personal file, as reflected by her time off from work, and required FML approval. Even more, the Defendant regarded Plaintiff maintains, this which was a factor used as a basis her termination."

RESPONSE: Defendant admits that Plaintiff's personnel file reflects that she took time off of work at some point. Defendant denies the remaining allegations in Paragraph 3.29.

3.30. Because of the Defendant's actions, Plaintiff suffered damages, for which she now sues for damages.

RESPONSE: Defendant denies the allegations in Paragraph 3.30.

### ADA RETALIATION BY CRAWFORD & CO:

3.31. "Plaintiff incorporates by reference paragraphs 1 - through 26, as fully stated verbatim herein."

RESPONSE: Defendant hereby incorporates its responses to the preceding allegations as if fully set forth herein.

3.32. "Plaintiff hereby alleges that the Defendant instituted a campaign of retaliation, in violation of the ADA 42 U.S.C. 1220, which included because Plaintiff's termination for opposing and complaining of unlawful discriminatory practices."

RESPONSE: Defendant denies the allegations in Paragraph 3.32.

3.33. "This retaliation was due to Plaintiff exercising her rights by opposing unlawful employment practice, and for engaging in protected activity. The EEOC also agrees that Plaintiff was retaliated against."

RESPONSE: Defendant denies the allegations in Paragraph 3.33.

3.34. Because of the Defendant's actions, Plaintiff suffered damages for which she sues herein.

RESPONSE: Defendant denies the allegations in Paragraph 3.34.

### FLA RETALIATION BY CRAWFORD & CO:

3.35. "Plaintiff incorporates by reference paragraphs 1 - through 26, as fully stated verbatim herein."

RESPONSE: Defendant hereby incorporates its responses to the preceding allegations as if fully set forth herein.

3.36. "Plaintiff hereby alleges that the Defendant instituted a campaign of retaliation, because Plaintiff exercised her federally protected right, pursuant to The Family Medical Leave Act (FMLA, 29 U.S.C. § 2615 & 2617(a)(l). Plaintiff maintains, this which was a factor used as a basis for her termination."

RESPONSE: Defendant denies the allegations in Paragraph 3.36.

3.37. "This retaliation was due to Plaintiff exercising her rights by opposing unlawful employment practice, and for engaging in protected activity. The EEOC also agrees that Plaintiff was retaliated against."

RESPONSE: Defendant denies the allegations in Paragraph 3.37.

3.38. "Because of the Defendant's actions, Plaintiff suffered damages for which she sues herein."

RESPONSE: Defendant denies the allegations in Paragraph 3.38.

**DAMAGES:**

3.39. "Plaintiff incorporates by reference paragraphs 1 - through 30, as fully stated verbatim herein."

RESPONSE: Defendant hereby incorporates its responses to the preceding allegations as if fully set forth herein.

3.40. "Plaintiff sustained the following damages because of the actions and/or omission of Defendants described herein above:

A mandatory injunction enjoyment the Defendant from continuing to violate to ADA;

All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff.

Back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

All reasonable and necessary costs incurred in pursuit of this suit;

Emotional pain;

Expert fees as the Court deems appropriate;

Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

Liquidated Damages;

Interest;

Loss of enjoyment of life;

Mental anguish in the past;

Mental anguish in the future;

Loss of earning in the past;

Loss of earning capacity which will, in all probability, be incurred in the further; and"

RESPONSE:   Defendant denies the allegations in Paragraph 3.40.

## PRAYER[5]

4.1 "WHEREFORE, PREMISES CONSIDERED, Plaintiff, Elmira L. Williams, respectfully prays that the Defendant, be cited to appear and answer herein, and that upon a final hearing of the cause, judgement be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; liquidated damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity."

RESPONSE:   Defendant denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the paragraph beginning with WHEREFORE.

Any allegations not expressly admitted or denied above are hereby denied.

---

[5] Plaintiff does not assign a number to this paragraph. Because numbered paragraphs are required, Fed. R. Civ. P. 10(b), and for the sake of clarity, Defendant will assign a number to this paragraph, quote it, then respond to it.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief can be granted.

### SECOND DEFENSE

Plaintiff's Complaint is barred due to insufficient process and/or insufficient service of process.

### THIRD DEFENSE

To the extent Plaintiff failed to satisfy some or all of the conditions precedent and/or statutory prerequisites required under the ADA, FMLA, and/or any other applicable law, such claims are barred.

### FOURTH DEFENSE

Defendant denies that discriminatory animus played an impermissible role in Plaintiff's employment or the termination thereof. Every action taken by Defendant with regard to Plaintiff's employment was taken for legitimate, non-discriminatory business reasons, unrelated to Plaintiff's alleged disability, gender, race, and/or any other protected characteristic or protected undertaking. Alternatively, even if some impermissible motives were a factor in any of those decisions, which Defendant denies, the same decision(s) would have been reached for one or more legitimate, non-discriminatory business reasons.

### FIFTH DEFENSE

Defendant cannot be held liable to Plaintiff for acts or omissions of its employees that occurred outside the scope of their employment. While Defendant expressly denies that any of its employees, officers, or agents acted in any manner that was contrary to law, if Plaintiff's rights

were violated, any such violation occurred outside the scope of the employment or agency of the offending employee, officer, or agent, and without the consent, authorization, or ratification of Defendant, and thus Defendant cannot be held liable to Plaintiff through principles of agency, *respondeat superior*, or otherwise.

## SIXTH DEFENSE

Defendant acted in good faith and had reasonable grounds to believe that its actions did not violate the FMLA.

## SEVENTH DEFENSE

Any conduct by Defendant that is at issue was not willful.

## EIGHTH DEFENSE

Any claim for damages must be dismissed, or in the alternative limited, to the extent Plaintiff caused or failed to mitigate her claimed damages.

## NINTH DEFENSE

Plaintiff's claims for monetary relief must be reduced or denied in amounts equal to Plaintiff's interim earnings; by any amount Plaintiff would have earned with reasonable diligence; or by Plaintiff's failure or refusal, for whatever reason, to be available for work after her employment with Defendant ended.

## TENTH DEFENSE

To the extent Plaintiff's allegations exceed the scope of any Charge of Discrimination filed with the EEOC, her claims are barred.

## ELEVENTH DEFENSE

In the event that Defendant discovers or otherwise learns of evidence to which the "after acquired" evidence doctrine applies, as per *McKennon v. Nashville Banner Publishing Co.*, 513

U.S. 352 (1995), Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations or statute of repose.

## THIRTEENTH DEFENSE

Plaintiff is estopped from alleging some or all of the claims alleged in the Complaint due to her own actions, omissions, and/or wrongdoing.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and unclean hands.

## FIFTEENTH DEFENSE

Plaintiff's claims may be barred by additional defenses, including those contemplated by Rule 8 of the Federal Rules of Civil Procedure, which cannot be determined at this time without the benefit of discovery. Defendant therefore reserves the right, subject to the Court's approval, to amend this Answer and plead additional defenses at the conclusion of discovery.

Respectfully submitted,

By: */s/ John S. Polzer*
JOHN S. POLZER
State Bar No. 24042609
jpolzer@canteyhanger.com
JASON E. BOATRIGHT
State Bar No. 24048138
(Admission to USDC ND Texas is pending)
jboatright@canteyhanger.com
**CANTEY HANGER, LLP**
1999 Bryan Street, Suite 3300
Dallas, Texas 75201
Telephone:  (214) 978-4100
Facsimile:   (214) 978-4150

-And-

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

DAVID E. GEVERTZ
(Application for Admission *Pro Hac Vice* forthcoming)
Email: dgevertz@bakerdonelson.com
3414 Peachtree Road, NE, Ste. 1600
Atlanta, Georgia 30326
Telephone: (404) 221-6512
Facsimile:   (678) 406-8816

SAVANNAH D. MCCABE
(Application for Admission *Pro Hac Vice* forthcoming)
Email: smccabe@bakerdonelson.com
265 Brookview Centre Way, Suite 600
Knoxville, Tennessee 37919
Telephone:  (865) 971-5170
Facsimile:   (865) 329-5170

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2020, a true and correct copy of the foregoing was served via the Court's CM/ECF system and Certified Mail Return Receipt Requested on *Pro Se* Plaintiff pursuant to the Federal Rules of Civil Procedure.

Elmira L. Williams
3825 Mapleshade Lane, Apt. 5112
Plano, Texas 75075
CMRRR: 7019 1120 0000 0912 3646

*/s/ John S. Polzer*
John S. Polzer