IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELMIRA WILLIAMS,** | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:20-CV-1553-E-BH |
| | § | |
| **CRAWFORD & CO.,** | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, the plaintiff's *Motion to Waive Defendant Court Costs Due to Plaintiff's Indigent Status/Insufficient Funds*, filed January 18, 2022 (doc. 63), is **DENIED**, and the defendant is awarded $2,466.00 in costs.

### I. BACKGROUND

On June 12, 2020, Elmira L. Williams (Plaintiff) filed this lawsuit against her former employer, Crawford & Co. (Defendant), alleging discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12132, *et seq.* (ADA), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (FMLA). (*See* doc. 3.) She moved for leave to proceed *in forma pauperis,* but the Court found that she had not shown she would suffer undue financial hardship if required to pay all applicable filing fees, and she paid them. (*See* docs. 6, 12, 14.) Defendant ultimately moved for summary judgment on all claims, its motion was granted, and by judgment entered on December 20, 2021, all of Plaintiff's claims were dismissed with prejudice. (*See* docs. 40, 58, 59, 60.)

Defendant filed its bill of costs on December 30, 2021, requesting that fees of the clerk, fees for service of summons and subpoenas, fees for printed or electronically recorded transcripts

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

necessarily obtained for use in the case, and fees for exemplification and the costs of making copies of any materials, be taxed against Plaintiff in the amount of $2,446.00. (doc. 61.) It supported its request with an affidavit and itemized billing records and documentation for the recoverable costs. (doc. 61-1.) Plaintiff did not file any objections, and costs in the amount of $2,446.00 were taxed against her on January 14, 2022. (*See* doc. 62.) She subsequently sought waiver of all costs on grounds that she "is shown to have limited resources, so that an imposition of court costs would result in undue hardship", but she provided no evidence in support of this claim. (doc. 63 at 1.)

## II. ANALYSIS

Rule 54 of the Federal Rules of Civil Procedure provides that a prevailing party in a civil action should be allowed to recover its "costs–other than attorney's fees," unless otherwise directed by the court, the rules or a federal statute.  Fed. R. Civ. P. 54(d)(1).[2] There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). This presumption is rebuttable, however, and district courts retain the discretion to deny costs, *see United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987), although they "'may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so[,]'" *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting *Schwarz*, 767 F.2d at 131).

The United States Court of Appeals for the Fifth Circuit has noted that "'[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party[,]'" including "(1)

---

[2] Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services.  28 U.S.C. § 1920.

2

the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources." *Pacheco*, 448 F.3d at 794 (quoting 10 Wright & Miller, Federal Practice and Procedure § 2668, at 234 (1998)). "It expressly declined to 'decide whether *any* of these is a sufficient reason to deny costs[,]'" however. *Moore v. CITGO Refining and Chemicals Co.*, 735 F.3d 309, 319 (5th Cir. 2013) (*emphasis original*) (citing *Pacheco*, 448 F.3d at 794 n. 18). Also noting that one or more of these reasons had been combined with prosecution of the case in good faith, the Fifth Circuit joined its sister circuits in expressly holding that "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party" because "[a]ll federal litigants . . . have an obligation to bring suit in good faith." *Pacheco,* 448 F.3d at 795. Recently, the court specifically stated that "[f]inancial hardship, without more, is not a sufficient reason to deny costs." *Hawkins v. City of Lexington*, No. 21-60838, 2022 WL 671452, at 1 (5th Cir. Mar. 7, 2022) (citing *Smith v. Chrysler Group, L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) and *Moore*, 735 F.3d at 320); *see also Williams v. Waste Management, Inc.*, No. 3:16-cv-2943-L-BN, 2019 WL 3240751, at *2 (N.D. Tex. May 31, 2019) (the Fifth Circuit "has 'never held that the "limited resources" of the losing party provide a basis for denying the prevailing party its costs'")(quoting *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015)), *rec. adopted*, 2019 WL 3239249 (N.D. Tex. July 18, 2019); *Malagon v. Crescent Hotel and Resorts,* No. 3:16-CV-0644-D, 2018 WL 2329305, at *2 (N.D. Tex. May 23, 2018) (Ramirez, J.)("indigency alone does not prevent the taxation of costs against a plaintiff")(citing *Tolan v. Cotton*, No. H-09-1324, 2012 WL 12893484, at *4 (S.D. Tex. July 12, 2012) and *Phillips v. TXU Corp.*, No. 3:03-CV-2736-B, 2007 WL 141060, *2 (N.D. Tex. Jan. 19, 2007)). In *Phillips*, the court observed that "[a]lthough

3

there can be no doubt that Defendant's financial resources are far superior to [the plaintiff's], were this to be a determinative factor, a non-prevailing individual party would be absolved of ever being liable for the costs incurred by all but the smallest of corporate prevailing parties, particularly in employment discrimination cases. Such a rule would be directly contrary to the general rule embodied in Rule 54(d)(1) that costs be imposed as a matter of course against a non-prevailing party." 2007 WL 141060, *2. Even where a plaintiff is proceeding *in forma pauperis*, unlike in this case, "'[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings.'" *Malagon v*, 2018 WL 2329305, at *2 (quoting *Shaw v. Hardberger*, Nos. 10-50136, 10-50443, 2011 WL 1519134, at *2 (5th Cir. Apr. 21, 2011) and *Lamb v. Mendoza*, No. C-07-449, 2010 WL 11519202, at *3–4 (S.D. Tex. Nov. 15, 2010)).

Here, Plaintiff has not argued that she brought this lawsuit in good faith, and she has not offered any evidence to show limited financial resources. Even assuming good faith and limited resources, however, she has still not overcome the presumption that Defendant is entitled to its costs. *See Smith*, 909 F.3d at 753 (assuming the plaintiffs' good faith and dire financial condition in finding that the district court was not required to deny the defendant its costs because of its comparative ability to more easily bear them). She has also not argued or brought forward evidence of any of the other factors that courts have considered in denying an award of costs.

### III.  CONCLUSION

The plaintiff's motion to waive costs is **DENIED**, and the defendant is awarded $2,466.00 in costs.

**SO ORDERED** on this 25th day of September, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE